## THE BOARD OF COMMISSIONERS OF BENTON COUNTY ET AL. *v.* TEMPLETON.

COUNTY COMMISSIONERS.—*Building Court-House.—Advertisement.— Injunction.*—A board of county commissioners cannot let the building of a court-house, under section 3, Acts 1872–3, Spec. Sess., 17, at any other time than that fixed in the advertisement of such letting; and where, at a time so fixed, the commissioners were prevented from receiving bids and letting the work by an injunction, which was afterwards dissolved, and the work was let at a subsequent time, without another advertisement;

The Board of Commissioners of Benton County *et al. v.* Templeton.

*Held*, that an injunction would lie, at the suit of a citizen and tax-payer of the county, to prevent the building of the court-house.

From the Warren Circuit Court.

*R. Jones* and *J. McCabe*, for appellants.

BIDDLE, C. J.—Complaint to enjoin the board of commissioners of Benton county from building a court-house. The suit was brought by the appellee, who was a citizen and tax-payer of the county.

Amongst other things, the complaint alleges that the board, on the 17th day of July, 1873, ordered a letting to receive bids for building a court-house up to the 5th day of September, 1873, which order was modified by the board on the 22d of July, 1873, but not changing the time of the leting. The letting was advertised, and various bids were received on the said 5th day of September, on which day the Hon. E. P. Hammond, judge of the Benton Circuit Court, granted an injunction restraining the board from receiving bids or letting the work. The injunction was afterwards dissolved, and the complaint dismissed. Afterwards, the board, on the 20th of September, 1873, proceeded, without any further advertisement, to let the work to Isaac M. Lewis and John T. McConnel, who were bidders for the work on the 5th day of September, and who were about to proceed to erect the building.

There is much other matter in the complaint, but the above averments raised the principal question in the case.

Afterwards, on the 30th of September, 1873, the present suit was brought in the Benton Circuit Court, and the venue changed to Warren county. A temporary restraining order was granted by the judge at chambers. The complaint was supported and attacked by numerous affidavits; a motion to dissolve the injunction was made, overruled, and exception taken. By an appeal from this interlocutory order, the case is brought before us.

The only question discussed in the appellants' brief is the validity of the letting of the work on the 20th day of Sep-

tember, 1873, under the advertisement to let it on the 5th of September.

It is claimed by the appellants that the statute under which the letting was made (Acts 1872–3, Spec. Sess., p. 17, sec. 3) is merely directory, and need not be strictly followed. The language of the third section, from which the authority is derived, is as follows:

"Whenever any board of commissioners of any county in this State shall have advertised the letting of any court-house, jail or other county or township building or bridge, fence or monument, on the day fixed for such letting said board shall let the same to the lowest responsible bidder on the terms in the notice mentioned, and on the plan and specifications so deposited, as in this act provided."

Section 2 of the same law enacts, that "the said board shall not contract for, or let the building of the same" (court-house or other buildings), "until they have advertised such letting and requested bids for the same, for at least six weeks, in at least one newspaper of general circulation in such county, if any is printed therein, and by posting up notices of such building, with the time, plan, place, and terms of the same, with a reference to such plans and specifications."

Section 5 excepts the counties wherein boards of commissioners have advertised lettings before the passage of the act from a strict compliance with its terms, thus strongly implying that lettings made after the passage of the act must follow it strictly.

Taking the whole act together, we are of the opinion that the letting cannot be made at any other time than that fixed by the advertisement. Any other construction than this would allow the board to make the letting at any time when in session. The advertisement would be a useless, if not mischievous, ceremony, if the time fixed for the letting could be disregarded.

In the case before us the bid was not accepted, or the letting made, until fifteen days after the time fixed by the

advertisement. It can make no difference, as we think, that the board was prevented from sooner making the letting, by an injunction granted by a judge. After the day fixed by the advertisement, the public could know nothing about the time of letting without another advertisement, or some proper notice, and on another day fixed.

We have examined the authorities cited by the appellants; we think they do not support the views they claim, being applicable to remedial statutes where discretion is given or implied.

It is also claimed, on behalf of the appellants, that the building of a court-house, its plan, time, place, terms, manner, etc., are of a discretionary character, and cannot be reviewed by a court.

While it is quite true that the administrative discretion of the board in the business affairs of the county cannot be reviewed by a court, yet when the board undertake to do an act unauthorized by law, a court will enjoin them, and this is the proper remedy. Boards have an administrative discretion within the law, but none without or against it.

We notice only these two points, as no others were debated in the briefs. It is sufficient to say, that, except as to the want of authority in law to make the letting at the time it was made, we think that the evidence essentially defeats the complaint.

The judgment is affirmed.