## Ex Parte Laboyteaux.

Liquor Law.—*Act of 1875.—Section 3 Construed.—Inhabitant.—Application, Notice and Evidence of Applicant for License.*—The words "Any male inhabitant," etc., in section 3 of the act of March 17th, 1875, 1 R. S. 1876, p. 869, concerning the sale of intoxicating liquors, mean any male inhabitant of this State, etc. ; and neither the application, notice nor evidence on behalf of an applicant for a license under such act need show that he is a resident of the town, township or county where he desires to sell.

From the Wayne Circuit Court.

---

---

*F. W. Fitzhugh* and *S. A. Forkner*, for appellant.

NIBLACK, J.—On the 5th day of February, 1879, James Laboyteaux filed in the Auditor's office of Henry county his petition in writing, as follows :

" To the Honorable Board of Commissioners of the County of Henry and State of Indiana :

" The undersigned, respectfully petitioning, showeth to your honorable body the following :   That he is a male inhabitant of Henry county, State of Indiana, is over and above the age of twenty-one (21) years, is a man of good moral character, is not in the habit of becoming intoxicated, and is, in all respects, a fit and proper person to be entrusted with a license empowering him, said petitioner, to sell and barter, in less quantities than a quart at a time, spirituous, vinous, malt and other intoxicating liquors, with the privilege of permitting the same to be drank in and upon the premises where sold and bartered."

Then followed a very careful description of the kind, and precise location, of a house in the town of Knightstown, in said county of Henry, in which it was proposed to barter and sell spirituous, vinous, malt and other intoxicating liquors, to be drank on the premises, if a license so to do should be granted, concluding with,—" Petitioner further says, that he has given due and legal notice of his making this application, by publishing in the Newcastle Courier, a weekly newspaper printed and published in said county, and of general circulation therein, a notice specifically setting out his intentions in this behalf, and particularly describing the premises wherein and upon which the privileges conferred by the license prayed for are to be exercised and enjoyed. A copy of said notice, duly verified, is hereunto appended, marked ' Exhibit A ; ' said notice being duly published more than 20 days prior to the first day of this term of your honorable board."

This was followed by a prayer that a license might be

granted to the petitioner, authorizing him to barter and sell spirituous, vinous, malt and other intoxicating liquors, in less quantities than a quart at a time, to be drank on the premises, at the place described in the petition, averring the petitioner's readiness to execute a bond, and to pay the money for such license, required by law.

A verified copy of a notice, in substance the same as the notice described as above, was filed with and accompanied the petition.

At the March term, 1879, of the said board of commissioners an attorney, practising before said board, moved to dismiss the petitioner's application for a license, on account of the alleged insufficiency of the notice, and his motion was sustained.

The petitioner then appealed to the Henry Circuit Court, and on his application the venue was changed to the court below. In this latter court, an attorney, claiming to act as *amicus curiæ*, moved to dismiss the petitioner's application for a license, because the petition did not show that he, said petitioner, was a resident of Knightstown, or of the township in which said town is situated. This motion was also sustained, and a judgment of dismissal was rendered against the petitioner.

The only question either presented or discussed here arises upon the decision of the court below dismissing the appellant's petition.

By the act of March 17th, 1875, 1 R. S. 1876, p. 869, authority is conferred on the boards of commissioners of the several counties to grant license to sell spirituous, vinous, malt and other intoxicating liquors.

By section 3 of that act it is provided, that "Any male inhabitant over the age of twenty-one years, desiring to obtain license to sell intoxicating liquors, shall give notice to the citizens of the township, town, city or ward in which he desires to sell, by publishing, in a weekly news-

paper in the county, a notice, stating in the notice the precise location of the premises in which he desires to sell, and the kind of liquors, * * * * * at least twenty days before the meeting of the board, at which the applicant intends to apply for a license; or, in case there is no such paper published in the county, then by posting up written or printed notices in three of the most public places of the township in which he desires to sell, at least twenty (20) days before the meeting of such board. And it shall be the privilege of any voter of said township to remonstrate, in writing, against the granting of such license to any applicant on account of immorality or other unfitness, as is specified in this act."

Conceding that it was necessary, under the act of March 17th, 1875, to make an application in writing, in order to obtain a license under its provisions, a question which we do not now decide, was the failure of the petition to allege that the applicant was a resident of Knightstown a fatal omission? We can not say that it was. We are unable to give the section of the statute above set out so narrow a construction. That section says that *any male inhabitant* having certain other qualifications may obtain a license by certain proceedings which it prescribes. That designation applies alike, we think, to all the male inhabitants of the State, of the class to which a license may be granted, without reference to their residence in any particular place in the State.

· The act of February 27th, 1873, required that an applicant for a permit under it should be a resident voter of the county in which he made his application, but did not provide that he should be a resident of the ward, town or township for which he desired the permit.

As has been seen, the act of 1875, which took the place of that of 1873, does not, by its terms, provide that the applicant shall be a resident either of the county in which he

makes his application or of any other subdivision of the State, and hence we must construe the act of 1875 to be less restrictive, as regards the residence of the applicant, than was the act of 1873, and not to require the applicant to be a resident even of the county in which he desires to obtain a license. As to such residence, it is sufficient, in our estimation, if it be shown that he is an inhabitant of the State.

The rule of construction laid down in the case of *Mark v. The State, ex rel.*, 15 Ind. 98, in relation to resident householders of the State seems to us to apply to the question of inhabitancy involved in this case.

We see no substantial objection either to the petition before us or to the notice accompanying it. We are of the opinion, therefore, that the court below erred in dismissing the petitioner's application.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.