McCORMICK ET AL. *v.* THE BOARD OF COMMISSIONERS OF JOHNSON CO. ET AL.

COUNTY COMMISSIONERS.— *Bid for Public Work.— Bond.— Resident Freeholder.* —*Construction of Statute.*—The provision in section 1 of the act of March 14th, 1877, Acts 1877, Spec. Sess., p. 29, that no bid shall be received or entertained by the board of commissioners of any county for the building or repairing of any county building or work, unless accompanied with a good and sufficient bond, "signed by at least two resident freeholders sureties," means resident freeholders of the State, and not of the county merely.

SAME.—*Amount of Bond.—Discretion of Commissioners.*—The statute does not prescribe the amount of the bond in such case ; and such bond being authorized by law, and the amount required not given, the matter is left to the administrative discretion of the board of commissioners, and can not be reviewed by an appellate court.

From the Johnson Circuit Court.

*F. T. Hord, W. B. Hord, R. Johnson, J. White, R. Hill, J. W. Nichol* and *S. P. Oyler,* for appellants.

*T. W. Woollen* and *D. D. Banta,* for appellees.

BIDDLE, J.—Patrick H. McCormick and Patrick H. Sweeney, two of the appellants, brought suit against the Board of

Commissioners of Johnson county, Francis L. Farman and Charles Pearce, the appellees, to enjoin the board from awarding to Farman and Pearce a contract for building a court-house. Wesley C. Hall and David Pearce, the other two appellants, also brought suit against the same defendants, for a similar purpose. In each separate suit the complaint contained two paragraphs, each averring that the plaintiffs were residents and tax-payers of Johnson county. The two suits were consolidated, and tried as one. A demurrer for the alleged want of facts was overruled to the first paragraph of the complaint, and a demurrer for the same alleged cause was sustained to the second paragraph.

An answer of six paragraphs was filed to the first paragraph of the complaint, and separate demurrers for want of facts overruled to the second and third paragraphs. Reply; trial by the court; finding for the defendants; motion for a new trial, overruled; exceptions; judgment; appeal.

It is not necessary to state the pleadings any more particularly, nor the causes for a new trial, as the rulings upon them all fall within two questions, which arise upon the construction of the act of March 14th, 1877, Acts 1877, Spec. Sess., p. 29, the 1st section of which is as follows:

"*Be it enacted,*" etc., "That no bid for the building or repairing any court-house, jail, poor asylum, bridge, fence or other county building or work, shall be received or entertained by the board of commissioners of any county in this State, unless such bid shall be accompanied by a good and sufficient bond, payable to the State of Indiana, signed by at least two resident freeholders sureties, which bond shall guarantee the faithful performance and execution of the work so bid for, in case the same is awarded to said bidder, and that the contractor so receiving said contract shall promptly pay all debts incurred by him in the prosecution of such work, including labor, materials furnished and for boarding the laborers thereon."

The board of commissioners regularly ordered and advertised the letting, to receive bids for building a court house. McCormick and Sweeney bid eighty-one thousand eight hundred and fifty dollars for the work, and executed their bond, under the section quoted, for fifty thousand dollars, with several sureties, three of whom were residents and freeholders of Johnson county. Farman and Pearce bid for the work seventy-nine thousand and one hundred dollars, and executed a similar bond under the statute, for twenty-five thousand dollars, with sureties thereon, who were residents of Marion county. The work was let to Farman and Pearce.

It is claimed by the appellants that, as the sureties on the bond of Farman and Pearce were not residents of Johnson county, the letting of the work to them by the board is without authority of law, and therefore void; and that, if not void for this reason, it is void for the inadequacy of the bond in amount to guarantee the performance of the work. The decision of these questions will govern the case.

The counsel for appellants have expended much labor, and cited many authorities, to convince us that any contract made by the board of commissioners contrary to law, or without authority of law, is void. In this we agree with the counsel. This court has many times so decided. The difficulty in the case does not lie in the principle which must govern us in the decision, but in its application to the construction of the statute before us.

1. Are the words in the act, "signed by at least two resident freeholders sureties," to be construed to mean "signed by at least two resident freeholders sureties" of Johnson county?

The word "resident," either as a noun or adjective, is not as frequently used in statutes, or legal proceedings, as its opposite term, "non-resident," because the rights of all persons under the law and in our courts are the same, unless

some exception is shown to the contrary. The first, plain and usual meaning of the word "non-resident," when used in a statute and not restricted, is a non-resident of the State. An action may be brought against several defendants in any county where either defendant resides, and the defendants residing in other counties will not be held as non-residents, but may be all summoned; and a non-resident of the State may be sued, and process served upon him, in any county in the State where he may be found. In an action to recover the possession of real property, when the defendant is a non-resident, service had upon his agent for the property, residing in the State, should have the like effect as though made upon the principal. In such case the statute uses the word "non-resident," and not the words "non-resident of the State." It is expressly enacted that the word "inhabitant," which is the nearest synonym to "resident" in the English language, "may be construed to mean a resident in any place." See sections 33 and 594 of the Code, and section 1, 2 R. S. 1876, p. 315. We believe that, in legal matters, the words "non-resident owner," "non-resident heir," "non-resident plaintiff," "non-resident defendant," and "non-resident witness," unless they are limited by other words, or by the context, to a county, township, city, town or some particular place, are generally held to mean a non-resident of the State.

It has been held by this court that the words "resident householder," in the act exempting property from sale on execution, mean a "resident householder" of the State, and is not to be limited to a "resident householder" of the county where the judgment defendant resides, nor where the property exempted may happen to be; the court remarking: "But of what must the debtor be a resident; of a county, or simply of the State? The statute does not specify; but we think clearly of the State. Any person who is a resident of the State, is entitled to the benefit

of the provisions in question, without regard to particular locality in the State.  The sovereign has said, without regard to locality, that certain residents shall have certain privileges.  This means, residents within the jurisdiction of the sovereign ; so that the debtor is protected in his transit from house to house through different counties, as well as in a single county." *Mark* v. *The State*, 15 Ind. 98. In a late case we have held that the words "any male inhabitant," etc., in sec. 3 of the act of March 17th, 1875, 1 R. S. 1876, p. 869, concerning the sale of intoxicating liquors, mean any male inhabitant of the State, and neither the application, notice, nor evidence on behalf of an appli- cant for a license under such act need show that he is a resident of the county, township or town where he desires to sell.  *Ex Parte Laboyteaux*, 65 Ind. 545.

From this course of reasoning, and upon these authorities, we conclude that the words "resident freeholder," when not limited by other words, by the sense of the context, or by the subject-matter, must be construed to mean "resi- dent freeholder" of the State, and should not be restricted to the county.

2.   It is also insisted by the appellants that the bond of Farman and Pearce is too small in amount to guarantee the performance of the work.

The statute does not prescribe the amount of the bond. The bond being authorized by law, and the amount re- quired not given, the matter is left to the administrative discretion of the board of commissioners, and can not be reviewed by an appellate court.  *The Board of Commission- ers of Benton County* v. *Templeton*, 51 Ind. 266.

The judgment is affirmed, at the costs of the appellants.