M. A. Chapman, for appellant.

D. Moss and R. R. Stephenson, for appellee.

---

## FRANCIS MURPHY V. THE BOARD OF COMMISSIONERS OF MONROE COUNTY.

*Liquor Law—License to Sell—Application For.*—Any male inhabitant of the State may have, even if not resident of the ward or precinct. Place of sale must be clearly located in application, but not more. County Commissioners are not defendants to such application, but where they defend in the Circuit Court they will not be permitted to raise that question here.

Filed June 14th, 1881.

Appeal from Monroe Circuit Court.

Decision of the court by Mr. Justice Elliott.

The appellant applied to the board of commissioners of Monroe county for a license to sell intoxicating liquors. Charles Blake appeared before the commissioners, and describing himself as a remonstrant, moved to dismiss the application, assigning in support of his motion,

1st. That the application did not show that the applicant was an inhabitant of the ward in which the place where the liquor was to be sold was situated.

2d. That the application did not describe the precise location of the premises in which appellant proposed to retail liquor. The

board sustained this motion, and the applicant appealed to the circuit court.

The commissioners renewed this motion in the circuit court, and it was again sustained. From this ruling this appeal is taken.

The definition given the word inhabitant by this court in *Ex parte Laboyteaux,* 65 Ind. 545, is directly in favor of the position here assumed by appellant upon the first ground stated in Blake's motion to dismiss. In that case it was said : "The act says that any *male inhabitant,* having certain other qualifications, may obtain a license, by certain proceedings, which it prescribes. That designation applies alike, we think, to all the male inhabitants of the State to which a license may be granted, without reference to their residence in any particular place in this State."

The second ground stated in remonstrant's motion is without foundation. The premises are described with great particularity.

It is true, as Blake's counsel assert, that the statute does require that a particular description shall be given by the applicant, but no more is meant than a description so reasonably full and certain as to point out the exact location of the premises. It is not meant that there shall be a detailed description of the kind of a house, or any such thing as that.

The Board of Commissioners here moved to dismiss the appeal for the reason that the remonstrant, and not the commissioners, ought to have been the appellee. We have no doubt that the board was not the proper party, and had the objection been made in the court below, should have prevailed. Where the commissioners do no more than hear and determine a controversy between parties, they are not to be treated as themselves the litigants. *Jameson* v. *Board, etc.,* 56 Ind. 466.

In this case, however, the commissioners voluntarily assumed the character of defendants. They entered into the contest as sole defendants; they asked, upon affidavit, and obtained a change of judges; they filed in the circuit court, in their own names, the motion which resulted in the appellant's defeat. Having appeared as the adversaries of the appellant in the court below, and having in that character fought out the contest successfully against the appellant, the commissioners are not now in a situation to rightfully assert that they were not the proper parties defendant. As they, by

voluntary, act assumed the character of defendants, they must retain it until the judgment which they obtained in that character shall cease to be effective against the appellant. It would be gross injustice to permit the commissioners to escape judgment of reversal, after having so successfully urged the contest as to utterly discomfit the appellant, upon the ground that they were really not defendants, but had only acted as original treirs of a controversy between an appellant and a remonstrant.

Judgment reversed at the costs of appellee.

John W. Buskirk and Henry C. Duncan, for appellant.

W. C. L. Taylor, for appellee.