Boseker *et al. v.* The Board of Commissioners of Wabash County.

No. 7700.

## BOSEKER ET AL. *v.* THE BOARD OF COMMISSIONERS OF WABASH COUNTY.

PUBLIC WORKS.—*County Commissioners.— Bidder.— Bond.*—An action for damages can not be maintained against a county upon the ground that its commissioners have erred in determining the question of the sufficiency of a bond tendered by a bidder for a public building.

SAME.—*Discretion.*—County commissioners have broad discretionary powers in determining who is the "lowest responsible bidder" for a public work.

SAME.—*Unsuccessful Bidder.*—An unsuccessful bidder can not recover for time and money expended in preparing a bid, where he knows there are to be competing bidders.

SAME.—*Lowest Responsible Bidder.*—The "lowest responsible bidder" is one who complies with all the requirements of the statute, and not merely one whose bid is less than those of his competitors.

From the Wabash Circuit Court.

*J. Q. Stratton, I. Stratton* and *A. Taylor,* for appellants.

*W. G. Sayre,* for appellee.

ELLIOTT, J.—The appellants' complaint alleges that in answer to proposals of the appellee, they made bids for the building of a court house and filed a good and sufficient bond; that they were the lowest bidders; that their bid was rejected because of the insufficiency of their bond. Prayer for judgment for damages.

It is, no doubt, the duty of county commissioners to award the contract for public buildings to the "lowest responsible bidder," for so the statute commands. Statutes requiring that contracts for public works shall be let to the lowest bidder are generally mandatory and not directory. 1 Dillon Munic. Corp. 466. But while this is true, it is also true that the lowest responsible bidder is one who complies with all the requirements of the statute, not merely one whose bid is less than his competitors. R. S. 1881, secs. 4245, 4246.

No bidder is entitled to the contract unless he executes a bond with two good freehold sureties, properly conditioned,

for the performance of the contract. It is the right and the duty of the commissioners to determine the sufficiency of the bond tendered, and they have broad discretionary powers with which courts will be slow to interfere, not, indeed, interfering at all unless there has been an abuse of this discretion or corrupt conduct. While the commissioners will not be permitted to wrongfully deprive a bidder of his rights by corruptly or unjustly rejecting a bond sufficient in every respect, they have a right to require that the bond shall be sufficient in form and substance; that the sureties shall be solvent persons capable of contracting, and that they shall be residents of this State. *McCormick* v. *Board, etc.,* 68 Ind. 214. These are facts that must be alleged directly, and not by way of recital; they must be stated in the form of positive averments, and not be involved in mere general conclusions. In this respect the complaint is defective.

But if the complaint were sufficient in this particular the action would not lie. An action for damages can not be maintained against a county upon the ground that its commissioners have erred in determining the question of the sufficiency of a bond tendered by a bidder for a public building. The general rule is that an action for the recovery of damages will not lie against an officer exercising *quasi* judicial functions for an error of judgment.

An unsuccessful bidder can not recover for time and money expended in preparing a bid where he knows there are to be competing bidders. In such a case there is no implied contract to reimburse the bidder for the work of preparing and submitting bids.

Judgment affirmed.