Filed March 28, 1889.

---

No. 13,568.

WAGNER ET AL. *v.* THE TOWN OF GARRETT.

PLEADING.—*Ordinance.*—*Complaint Upon.*—In a complaint predicated upon a town ordinance, it is sufficient to aver that the ordinance was duly adopted by the board of trustees of the town, and to set out in or with the complaint so much of the ordinance as relates to the action.

SAME.—*Sufficiency of Complaint.*—*Looking to Exhibited Ordinance.*—The ordinance violated gives the right of action, and is so far the foundation of the suit that a copy filed with the complaint will be looked to in considering whether a demurrer was correctly overruled, without other averment than that the ordinance " is attached to and made a part of the complaint."

Wagner *et al. v.* The Town of Garrett.

MUNICIPAL CORPORATION.—*Town.*—*Intoxicating Liquors.*—*License.*—A town has the right to limit the licenses issued by it for the sale of intoxicating liquors to such persons as have procured and hold a license from the board of county commissioners.

SAME.—*Statute.*—*Discrimination in Granting Licenses.*—*Who May Complain.* —The validity of a statute can be questioned only by persons who are prejudiced by it; and hence a male inhabitant of this State can not assail the statute regulating the granting of licenses to venders of intoxicating liquors on the ground that the exclusion of women and non-residents from participation in its benefits is an unjust discrimination.

SAME.—*Ordinance Valid in Part.*—The fact that an ordinance regulating the licensing of venders of intoxicating liquors requires a license for the sale of a liquor which is not the subject of municipal regulation, does not invalidate the ordinance so far as it relates to other liquors.

SAME.—*Sale of Fermented Cider.*—*Right to Exact License.*—It *seems* that the sale of fermented cider, which is an intoxicating liquor, is a proper subject of municipal regulation.

From the DeKalb Circuit Court.

*W. L. Penfield,* for appellants.

*E. D. Hartman* and *L. Covell,* for appellee.

MITCHELL, J.—The town of Garrett complained of Wagner and Zeek for having violated sections 1, 4 and 7 of one of the general ordinances of the town, which made it unlawful for any person, either directly or indirectly, to sell any spirituous, vinous, malt or other intoxicating liquors in a less quantity than a quart at a time, within the corporate limits, without being duly licensed. It is charged in the complaint that the defendants violated the above sections by selling intoxicating malt liquor and whiskey to persons named, in a less quantity than a quart, on several days named, without having first obtained a license so to do, according to the provisions of the ordinance, a copy of which is attached to and made a part of the complaint. A penalty of fifty dollars is prescribed for each and every violation of the ordinance.

In a complaint predicated upon a town ordinance, it is sufficient to aver that the ordinance was duly adopted by the board of trustees of the town, and to set out in or with

the complaint so much of the ordinance as relates to the action or prosecution. *Clevenger* v. *Town of Rushville*, 90 Ind. 258; *Vinson* v. *Town of Monticello*, *ante*, p. 103. It is averred that the ordinance violated is "attached to and made a part of the complaint," and we find from the record that a copy was so attached and filed. The ordinance violated gives the right of action, and is, therefore, so far the foundation of the suit as that a copy filed with the complaint will be looked to in considering whether a demurrer was correctly overruled, without other averments than those above set out. The complaint was sufficient.

It is next contended that the ordinance is void, because it makes provision for the granting of licenses to sell within the corporate limits only to such persons as have procured and hold a license from the board of commissioners of DeKalb county. Hence it is argued, since section 5314, R. S. 1881, authorizes the county commissioners to grant licenses only to male inhabitants of the State, the ordinance results in an unjust discrimination against women and non-residents.

Assuming, for the purposes of this case, that only male inhabitants of the State are entitled to obtain license to retail intoxicating liquors in a less quantity than a quart—*Ex Parte Laboyteaux*, 65 Ind. 545; *Murphy* v. *Board, etc.*, 73 Ind. 483—we are nevertheless constrained to hold, since it appears that the defendants are male inhabitants of this State, and, therefore, presumably entitled to a license if they had chosen to make application therefor, that they can not thus become the champions of others who are supposed to be unjustly discriminated against. If we should grant that women and non-residents have equal constitutional rights, in respect to engaging in the sale of intoxicating liquors, with male inhabitants of the State, it might follow that as to those who were injuriously affected, or against whom the ordinance discriminates, it would be invalid, while as to those to whom the ordinance assumes to grant a special privilege it would

be entirely valid. Since women and non-residents have so far waived any constitutional right they may have in respect to selling intoxicating liquors, we content ourselves for the present with holding that as the appellants are confessedly of those who enjoy the monopoly which the ordinance secures, they must take the privilege with the burdens which attend it. When a case arises in which a woman or a non-resident is refused a license because of sex or non-residence, we will consider the question. Courts will not listen to those who are not aggrieved by an invalid law. Accordingly it has been held that a State law which excluded colored persons from service on grand and traverse juries deprived them of the equal protection of the law, but that a white person could not complain of the statutory exclusion. *Commonwealth* v. *Wright*, 79 Ky. 22 (42 Am. Rep. 203).

So it has been held that a white person could not raise the question whether the exclusion of negroes from participation in the benefits of the common school system was not a violation of the State Constitution. *Marshall* v. *Donovan*, 10 Bush, 681.

This is agreeable to the principle that only those who are prejudiced by an unconstitutional act will be heard to make objection to it. *Smith* v. *McCarthy*, 56 Pa. St. 359; Cooley Const. Lim. (5th ed.) 163, 164.

The appellants, being strangers so far as respects those whose rights are supposed to be injuriously affected by the law in question, do not occupy an attitude which authorizes them to ask the court to declare void a statute under which one of the most important police powers of the State is exerted. Cooley Const. Lim. (5th ed.), p. 197, note.

It is said that the requirement of the ordinance that the applicant for a town license shall hold an unexpired license issued by the board of commissioners is arbitrary and unwarranted, and that the statute does not authorize such discrimination. The statute confers power upon boards of trustees of incorporated towns to license, regulate and restrain

the sale of spirituous, vinous, malt and other intoxicating liquors within their respective corporations. It is a reasonable regulation to require those who apply for a town license to first obtain a license from the board of commissioners, as required by the law of the State. Persons who obtain license from the county boards may be presumed to have shown their fitness to be trusted with the sale of intoxicating liquors, before a tribunal where the right of remonstrance is secured. Towns are not provided with the machinery for prosecuting inquiries into the character and fitness of applicants as are boards of commissioners, and so it is a reasonable exercise of the power to regulate and restrain to require that the applicant shall have complied with the law of the State by securing a license from the board of commissioners of the county.

An ingenious argument is submitted to prove that towns have no power to exact a license for the sale of fermented cider, although it is conceded to be an intoxicating liquor. The appellants say, in effect, that they desired to quit the business of selling intoxicating liquors generally, and confine themselves exclusively to the sale of fermented cider, which, though an intoxicating drink, they claim that they had the right to sell without license. They contend, however, that the town, by its ordinance, exacted a license for the sale of any and all intoxicating liquors, which included fermented cider, and that hence the ordinance was invalid not only as respects the sale of cider, but as respects malt liquor and whiskey, the particular drink which the appellants are alleged to have sold without license. We dissent from the premise, that the sale of fermented cider of an intoxicating character is beyond municipal regulation or restraint, but even if that were so, the conclusion would not follow that the ordinance would not be effectual as applied to the sale of other intoxicants. The appellants have no right to sell whiskey, beer and other intoxicants in defiance of the ordinance, even though it should turn out that the town had no

right to exact license for the sale of fermented cider. The appellants are not charged with the sale of cider in violation of the ordinance. When such a case arises we will decide it. There is no error.

The judgment is affirmed, with costs.

Filed March 27, 1889.