No. 13,862.

BARNARD ET AL. *v.* GRAHAM ET AL.

INTOXICATING LIQUOR.—*License.*—*Notice of Application.*—*Place of Sale.*—*Insufficient Description.*—Where there is no street named Main street in a town, and where the only lots therein numbered twenty-three are lots twenty-three east and twenty-three west, both situate upon Michigan street, a notice of an intention to apply for license to retail intoxicating liquors which describes the location of the proposed place of sale as being upon lot twenty-three on Main street, does not comply with the statute (section 5314, R. S. 1881), and is bad when attacked by a remonstrance.

From the Clinton Circuit Court.

*L. D. Boyd* and *J. Claybaugh,* for appellants.

*J. Applegate* and *C. R. Pollard,* for appellees.

ELLIOTT, C. J.—The appellees applied for a license to sell intoxicating liquors, and in their petition and in the notice given by them, the place where they proposed to sell was thus described : " Said premises are located in a certain frame building on the ground floor of said building, situated upon the following real estate in Carroll county, Indiana, to wit : Commencing at a point at the southwest corner of lot No. 23, on Main street, and running east fifty feet, thence north twenty feet, thence west fifty feet, thence south twenty feet to the place of beginning, in the town of Burlington, Burlington township, in Carroll county, Indiana." The appellants appeared in the commissioners' court of Carroll county, and there filed a remonstrance, but the decision of that tribunal was adverse to them, and they appealed. After the case reached the Carroll Circuit Court, it was carried, by change of venue, to the Clinton Circuit Court. In the commissioners' court a motion was filed to dismiss the application, on the ground that the notice was insufficient. The appellants, in the remonstrance filed by them, again challenged the sufficiency of the description of the premises con-

tained in the notice and application of the appellees. They stated in their remonstrance that "There are two lots numbered twenty-three in the town of Burlington, the description of one being lot No. 23 west, in the town of Burlington, the other being described as lot No. 23 east, in the town of Burlington, each of them being located on Michigan street in said town." It is further shown "that the said lots do not abut on any other street except said Michigan street; that there is no lot in said town numbered twenty-three except the above described lots, and that there is no street in the town of Burlington that is named Main street; that the description set out in the notice does not locate or describe any property or any ground in the town of Burlington." The plats of the town and the other evidence very clearly show that there are two lots in Burlington numbered twenty-three, but that one is number twenty-three east and the other number twenty-three west. The evidence also shows that there is no street of the town named Main street, and that lot twenty-three east and lot twenty-three west both abut on Michigan street. There is, however, some evidence tending to show that Michigan street is the principal street of the town, and that it is sometimes called Main street.

It is important to observe that the sufficiency of the notice was directly and seasonably attacked, so that here the question is before us in a direct proceeding. Cases which declare the rule in cases of a collateral attack are, therefore, without influence.

Our statute enacts that it shall be unlawful to sell liquor in less quantities than a quart "without first procuring a license as hereinafter provided." R. S. 1881, section 5312. The effect of this provision is to require the applicant to do what the statute commands, for, unless he does this, he has no right to demand or receive a license. There is, as against a direct remonstrance, no authority vested in a board of commissioners to grant a license to one who has not complied with the provisions of the law concerning notice.

The statute imposes upon an applicant the duty of publishing a notice of his intention to apply for a license, and commands that the notice shall state "the precise location of the premises in which he desires to sell." R. S. 1881, section 5314.

The language of the statute is unusually strong. It is not only declared that the notice shall state the location, but it is declared that it shall state the "precise location." The word "precise" is one of clear and well defined meaning, and can not be disregarded. The Legislature had, as is evident from the language employed, a settled purpose, and that was to provide for a notice that should inform the citizens of the exact locality of the place where the applicant proposes to conduct his business. But the language is so strong and unambiguous that it is unnecessary to look beyond the words of the statute.

We can conceive of no legal reason upon which it can be held that the notice or the application states the "precise location." As there is no such lot as the one named there is, in fact, no locality at all designated. The confusion is increased by the fact that there are two lots abutting on Michigan street numbered twenty-three, for, without adding to the number the word "east," or the word "west," it is impossible to determine what lot was intended.

We have no doubt that it is the right of citizens of the proper locality to object to the granting of a license to one who has not done what the law declares he must do.

We do not deem it necessary to consider the question of the right of the appellees to amend their petition or application in the circuit court, for, whatever may be the law upon that question, it is quite clear to us that a notice so essentially defective as the one given by them will not, when attacked as it is here attacked, authorize the grant of a license.

Judgment reversed, with instructions to proceed in accordance with this opinion.

Filed Sept. 27, 1889.