(Franklin County Common Pleas.)

THE STATE OF OHIO EX REL. DALE et al v. THE BOARD OF EDUCATION OF THE CITY OF COLUMBUS, OHIO et al.

———

Under the provisions of sec. 3988, R. S., where a Board of Education has, in good faith, exercised its judgment respecting the responsibility of bidders, mandamus will not lie to compel it to change its decision.

———

WILLIAMS, J.

The relators, George William Dale, Joseph Schmidt and Frederick Gantert say that they are partners under the firm name and style of George William Dale & Co. and that said firm is now engaged in cut stone work in the erection of buildings in the city of Columbus They allege that the board of education of the city of Columbus, determined to erect a high school building in said city, to be known as the south high school building, to cost about $62,000.00, and caused it to be duly advertised that sealed proposals would be received at the office of the clerk of said board until 12 o'clock, noon, on Tuesday, April 4, 1899, for material and labor necessary for completing the erection of said south high school building; and that on said April 4, 1899, before the hour of 12 o'clock, standard time, and in accordance with said published notices and advertisements for bids as aforesaid, the relators submitted and filed with the clerk a proposal and bid duly sealed up to furnish all the material and perform all the labor requisite to the construction of the cut stone work of said building, all in accordance with the plans and specifications of said board, for materials the sum of $1,800, and for labor the sum of $4,395.00; that said bid and proposal was accompanied by a sufficient guarantee and bond in the sum of $1,600, in due form and conditioned according to law.

The petition further recites that that relators' bid for cut stone work on said building was the lowest responsible bid and proposal therefor, and that their bid for both labor and material for the cut stone work for the erection of said building was the lowest in the aggregate; and that, notwithstanding this, said board of education rejected relators' bid for said cut stone work, and accepted another bid which was higher than relators' by $155.00, and awarded the contract on said higher bid.

By reason of all which relators claim to have been wrongfully refused said contract, and ask that said defendant, the board of education may be compelled to accept their said bid for cut stone work and award the contract therefor to said relators, and that a peremptory writ of mandamus may be granted accordingly.

This cause is now heard on relators' motion for an allowance of an alternative writ of mandamus. The defendant, the board of education, denies the responsibility of the relators, and has filed affidavits in support of its contention in that behalf, and these are answered by counter affidavits filed by relators. The board of education does not deny that relators were the lowest bidders.

Section 3988, Revised Statutes, which provides the direction for bidding, and for letting contracts, for the erection of school houses, in enumerating the steps to be taken by the board of education, says:

"6. None but the lowest responsible bid shall be accepted, etc." Dale & Co. claim to be the lowest responsible bidders. This the board denies. It claims to have determined that other bidders were the lowest responsible bidders, and denies the right of the court to review that question. The relators cite and appear to rely on the case of the State ex rel. Ross v. Board of Education, 42 Ohio St., 378, in support of their position. But that case does not determine the question here made. The court held in that case that the board was not authorized to accept any but the lowest responsible bid. It held that the board could not reject a part of the bids and then arbitrarily award the contract to the lowest of the remaining bidders. And the reason for this provision of the statute is quite apparent. It would defeat the purpose of competitive bid-

ding if a board could reject such bids as it chose to reject and then, after having gotten rid of certain low bids, from the remaining bids, perhaps higher than those rejected, award a contract. But in this case no bids are claimed to have been rejected, and the board of education says that the relators were not the lowest responsible bidders. It denies their responsibility. The board has passed upon the question, and relators seek to review this action by mandamus. Can it be done? It should be stated that the relators in their complaint do not charge fraud, bad faith, or abuse of discretion. "Where an officer, in determining upon the performance of a public duty, is called upon to use official judgment and discretion, his exercise of them, in the absence of fraud, bad faith and abuse of discretion, will not be controlled or directed by mandamus." State ex rel. v. Moore, 42 Ohio St., 104.

"The remedy by mandamus, while appropriate to compel an officer to proceed in a judicial or quasi judicial matter confided by law to his jurisdiction, cannot be invoked to correct his errors, or control his discretion." State ex rel. v. Crites, 48 Ohio St., 460. Supporting same principle, State ex rel. v. Commissioners, 49 Ohio St., 301.

The same rule that applies to a public officer in this regard applies to a board.

The board was called upon to determine whether bidders were responsible. The responsibility of a bidder does not rest upon his ability or inability to give adequate security, for the performance of the contract. This term is given a much broader meaning when used in connection with the powers of officers and boards in the making of contracts. It includes pecuniary ability to perform the contract, skill, integrity and judgment. People v. Dorsheimer, 55 How. Prac. 118; Boseker v. Wabash Co. 88 Ind., 267; 21 Am.& Eng. Enc. of Law, 291.

The action of the board was the exercise of their judgment and opinion of the bidders in respect to the qualities just mentioned, and that action may be said to have been quasi judicial.

While we have been unable to find any reported case in Ohio which directly decides the particular question made in this case, we find it is not a new one in many states.

A leading case is that of Commonwealth v. Mitchell, 82 Pa. St., 343, in which the court says:

"The word 'responsible' in the act has a broader meaning than is involved in the pecuniary ability to make a good contract by security for its faithful performance, and where the term is applied to contracts, requiring for their execution, not only pecuniary ability, but also judgment and skill, the statute imposes not merely a ministerial duty upon the city authorities, but also duties and powers which are deliberative and discretionary, and therefore, where these authorities have exercised a discretion, mandamus will not lie to compel them to modify their decision, even though their action were erroneous, in the absence of clear proof of fraud or bad faith."

Again, "The duties of officers intrusted with the letting of contracts for public work to the lowest responsible bidder are not of a strictly ministerial nature, but involve the exercise of such degree of official discretion as to place them beyond the control of courts by mandamus." State ex rel. v. McGrath, 91 Mo., 386. Also in support of above, Gas Light Co. v. Donelly et al., 93 N. Y., 553; Hoole v. Kinkead, 16 Nev., 217.

Another Pennsylvania case is directly in point. In Doulgass v. Commonwealth, 108 Pa. St , 559, we find the following:

"In the act of assembly approved May 23, 1874, directing contracts for supplies to be awarded to the lowest responsible bidder, the word 'responsible' does not refer to pecuniarly liability only. The act calls for an exercise of discretionary powers on the part of the city officers; and if they acted in good faith, although erroneously or indiscretly, mandamus will not lie to compel them to change their decision."

We think that language last quoted

might well fit the present case. The court cannot coerce the board into the doing of something in different manner or way from that which they, in the exercise of lawful judgment and discretion, have acted, unless there has been an abuse of discretion, or fraud or bad faith. In other words, under the provisions of section 3988, Revised Statutes, where a board of education has, in good faith, exercised its judgment respecting the responsiblity of bidders, mandamus will not lie to compel them to change their decision.

The board could probably have been required to act concerning the bids, if it had not done so. But it has acted. It has passed upon the responsibility of the relators, who were among the bidders for the proposed improvement. Its decision has been adverse to said relators. George W. Dale & Co. may have been responsible and the board of education may have erred in its judgment. But the power and authority to decide that question rests with the board. In the absence of fraud or bad faith that decision is final.

Writ refused.

Donaldson & Tussing, Attorneys for Relators.

Selwyn N. Owen, Director of Law of the City of Columbus, for Defendants.