## MORAN ET AL. v. CREAGAN.

[No. 3,899.  Filed November 26, 1901.]

INTOXICATING LIQUORS.— *Remonstrance.— Township.— Incorporated City in Township.*—Where an application is made for a license to sell intoxicating liquors at some designated place in a township, but which is beyond the limits of an incorporated city therein, in order to defeat such application under §7283i Burns 1901 by remonstrance, a majority of the legal voters of the township, residing anywhere therein, must sign the remonstrance. *pp. 660-663.*

SAME.—*Building.—Location.*—The fact that the building described in an application for a license to sell intoxicating liquors was not erected at the time of the publication of the notice will not defeat the issuance of the license, where the application stated the precise location of the premises in which the applicant desired to sell. *pp. 663, 664.*

From St. Joseph Circuit Court; *Lucius Hubbard,* Judge.

Edward Creagan was denied a license to sell intoxicating liquors, and on appeal to the circuit court the license was granted. Harry A. Moran and others, remonstrants, appeal. *Affirmed.*

*W. A. Funk,* for appellants.

*W. J. Schuenight,* for appellee.

HENLEY, J.—The appellee in this case was an applicant at one of the regular sessions of the board of commissioners of St. Joseph county for a license to sell intoxicating liquors in Penn township in said county.   A remonstrance against the granting of license to appellee was filed at the proper time by appellants.   This remonstrance was filed under §7283i Burns 1901.   It was sustained by the commissioners of said county, and a license was denied appellee. Upon appeal and trial in the circuit court of said county, appellee was granted license as prayed for in his application, and from this judgment appellants appeal.   The trial court, at the request of appellants, found the facts specially and stated conclusions of law thereon.   The only error assigned is that the court erred in its conclusions of law upon the facts found.

The facts found by the court were substantially as follows:   That appellee is over the age of twenty-one years, and is a fit person to be entrusted with the sale of intoxicating liquors, and is not in the habit of becoming intoxicated; that he gave legal notice of his intention to apply for license to sell spirituous, vinous, and malt liquors by publication in the "Mishawaka Democrat," a weekly newspaper of general circulation, published in said county and State.   The court further found "that more than three days before the regular session of the board of commissioners of St. Joseph county and State of Indiana, which convened on the first Monday in September, 1899, the remonstrants filed a remonstrance in writing with the auditor of St. Joseph county and State of Indiana against the granting of a license to said Edward Creagan for the sale of spirituous, vinous, and malt liquors under the law of the State of Indiana and against the privilege of allowing the same to be drunk on the premises where sold within the limits of said township; that said remonstrance was legally made and filed in accordance with the laws of the State of Indiana; that the said township of Penn has within

its borders the city of Mishawaka, a duly and legally incorporated city of the State of Indiana; that said remonstrance is signed by a majority of the legal voters of said township of Penn (not including the legal voters of the city of Mishawaka) that voted for the highest office at the last election preceding the filing of said remonstrance; but that said remonstrance does not contain a majority of the legal voters of the township of Penn including the legal voters of the city of Mishawaka that voted for the highest office at the last election preceding the filing of said remonstrance; that at the time said notice of said Edward Creagan to apply for license was published in said weekly 'Democrat' the building specifically described in said notice and set forth therein as the place where he desired to sell intoxicating liquors was not in existence; that no part of said building had been constructed at said time; that he had material on the ground and intended to build, but suspended work when this controversy arose; that said board of commissioners of St. Joseph county, Indiana, refused to grant said Edward Creagan a license as prayed for, and that said Edward Creagan has appealed from their decision to this court." Upon the facts so found, the court's conclusions of law were as follows: "That as conclusions of law upon the facts so found, the court finds that the petitioner is entitled to a license and that the auditor should issue such license on the filing of the proper bond."

·The principal contention of appellants here is, that, under §7283i Burns 1901, the remonstrance was signed by a majority of the legal voters of the township. In other words, that a majority of the legal voters outside of the incorporated city of Mishawaka could ,by remonstrance prevent the granting of license to sell at any place outside of such city and within the township. The section of the statute above referred to reads: "If, three days before any regular session of the board of commissioners of any county a remonstrance in writing, signed by a majority of the legal

voters of any township or ward in any city situated in said county, shall be filed with the auditor of the county against the granting of a license to any applicant for the sale of spirituous, vinous, malt or other intoxicating liquors, under the law of the State of Indiana, with the privilege of allowing the same to be drunk on the premises where sold within the limits of said township, or city ward, it shall be unlawful thereafter for such board of commissioners to grant such license to such applicant therefor during the period of two years from the date of the filing of such remonstrance.    If any such license should be granted by said board during said period the same shall be null and void, and the holder thereof shall be liable for any sale of liquors made by him the same as if such sale were made without license.    The number to constitute a majority of voters herein referred to shall be determined by the aggregate vote cast in said township or city ward for candidates for the highest office at the last election preceding the filing of such remonstrance."

The Supreme Court have decided the question here raised by appellants.    In the case of *Massey* v. *Dunlap,* 146 Ind. 350, that court said: "It is perfectly clear, from the language of §9, of the act of 1895, when considered in connection with the provisions of §7278 Burns 1894, that when an application is made to obtain a license to sell intoxicating liquors within the boundaries of an incorporated city, it must be for the privilege to conduct such business in some particular ward of that city.    In such a case, it is only the legal voters residing within that particular city ward that are authorized, under §9, *supra,* to join in the remonstrance against the granting the desired license to the particular applicant, and a majority of such voters will defeat the application.    But where the application is made for a license to sell intoxicating liquors at some designated place in a township, but which place is beyond the limits of an incorporated city therein, then the law contemplates

and requires that a majority of the legal voters of such township, residing anywhere therein, shall remonstrate in order to defeat such application."

There is much force in the argument of counsel for appellants that this construction of the statute places it within the power of the legal voters of incorporated cities to permit saloons to be established in the country where the place would not be subject to police protection and surveillance. But the construction given the statute by the Supreme Court in *Massey* v. *Dunlap, supra,* is, we think, the correct construction, and the only construction which the plain meaning of the words employed will justify.    The evil which appellants complain of is not to be avoided by giving a strained and wrong construction to this section of the law; it must be corrected, if at all, by legislation.

Appellants also contend that because the room in which appellee intended to carry on his business was not built or in existence at the time he caused to be published the notice of his application for license, the license should have been refused.    Under §7278 Burns 1894, it is provided that such notice shall state "the precise location of the premises in which he desires to sell."    In this case, the court found that appellee complied with said §7278 and specifically described the building and premises, but that the building was not erected at the time the notice was published.    The notice is for the purpose of informing the legal voters of the township or ward of the fact that a petition to sell intoxicating liquors will be presented and for the further purpose of informing them of the exact location of the premises in which it is desired to carry on such business. *Goodwine* v. *Flint,* 28 Ind. App. —; *Barnard* v. *Graham,* 120 Ind. 135.

As was said in *Barnard* v. *Graham, supra:* "The legislature had, as is evident from the language employed, a settled purpose, and that was to provide for a notice that should inform the citizens of the exact locality of the place

where the applicant proposes to conduct his business." The notice in this case complied with all the requirements of the statute and served the purpose intended. Appellee could not be licensed to sell in any other place than the one described in his notice and application. In order to protect appellee in his sales, it was necessary when his license became effective that there be in existence at the exact locality described in his notice a room of the kind specifically described in his application as required by §7283a Burns 1901. The kind of building, its arrangement, and the material of which it is composed are not necessarily a part of the notice. The substantial and necessary part of the notice is the specific description of the locality. *Murphy* v. *Board, etc.,* 73 Ind. 483.

The law provides the manner in which rooms where intoxicating liquors are sold by virtue of a license shall be arranged and located, and provides that severe penalties may be assessed against the licensed dealer for the sale of intoxicants in rooms not so located and arranged.

Appellants appeared generally and filed their remonstrance, and it does not appear from the record that they assigned in the remonstrance as a reason why the license should not be granted that the notice was insufficient; in fact no reason is assigned against the granting of license so far as the record shows, except the claim that it was signed by a majority of the legal voters of the township.

The record as it comes to us presents no error. Judgment affirmed.